DECISION AND JUDGMENT ENTRY
{¶ 1} Christopher Hutchinson appeals his assault conviction and sentence. He asserts that: (1) his conviction is not supported by the evidence because he proved that he was acting in self-defense when he struck Harold Goings, Jr.; (2) he was the victim of selective prosecution by the State; (3) his trial counsel was ineffective for failing to introduce into evidence a memorandum drafted by an Assistant Athens County Prosecutor stating that the appellant should be charged with disorderly conduct, for failing to argue that the appellant was a victim of selective prosecution, and for failing to notify the trial court that the appellant would be barred from teaching if convicted of assault; and (4) the court erred in sentencing the appellant to jail and a $250.00 fine without making the findings required by R.C. 2929.22(E) and (F).
 {¶ 2} We reject the appellant's contention that his conviction is against the manifest weight of the evidence. Although the prosecution and defense witnesses gave conflicting testimony, the trial court, as the finder of fact, was free to reject the appellant's testimony that he hit Goings only one time because he feared Goings was going to attack him. Other testimony revealed that Goings was not going to strike the appellant and that the appellant hit Goings multiple times while Goings was lying on the ground. We also conclude that the appellant waived his claim of selective prosecution on appeal because he failed to raise this claim in the trial court. Moreover, the appellant has failed to demonstrate that he was the victim of selective prosecution. Unlike the other participants in the altercation, the appellant caused serious harm to another and, even if the appellant was treated differently, he has cited no improper basis for the State's alleged discriminatory treatment. Finally, the appellant's trial counsel was not ineffective. The information the appellant criticizes his trial counsel for not bringing to the court's attention at trial was not relevant to the proceedings. Trial counsel employed sound trial strategies and we find no error in his representation. Therefore, we affirm the appellant's conviction.
 {¶ 3} We do, however, find merit in the appellant's contention that the trial court erred in sentencing him to jail time and requiring that he pay a fine without complying with R.C.2929.22(E) and (F). Under R.C. 2929.22(E), the trial court is required to state its reasons for imposing both a jail term and a fine in a misdemeanor case and, under R.C. 2929.22(F), the court must determine whether a defendant can afford to pay a fine before ordering such payment in a misdemeanor action. We reverse the appellant's sentence and remand this matter to the trial court for re-sentencing.
 I. {¶ 4} During the early morning hours, two groups of people became involved in an altercation after an evening of drinking. The first group included the appellant, Brad Young, Jason Prater, Jake Everts and Ryan Brown. The second group included Goings, Jeremy Greenberg, and Kara and Ashley Kilver, who are sisters.[1] Each group contends that a member of the other group started the altercation. At the conclusion of the fight, Goings was unconscious and injured and Young had sustained injuries to his face.
 {¶ 5} The State charged the appellant with one count of assault in violation of Athens City Code Section 13.02.01(A), a first degree misdemeanor. It alleged that the appellant struck Goings in the face and the back of the head, causing his injuries.
 {¶ 6} The appellant waived his right to a jury and the Athens County Municipal Court held a bench trial. The appellant did not dispute that he struck Goings, but contended that he acted in self-defense. According to the appellant, Greenberg picked up a newspaper stand and began striking Young in the head with it. While the appellant was attempting to remove the newspaper stand from Greenberg's hands, Goings charged towards him. In order to prevent Goings from either hitting or tackling him, the appellant punched Goings one time, causing him to fall to the ground.
 {¶ 7} Despite the appellant's self-defense claim, the court found him guilty of assault and sentenced him to 120 days in jail and ordered that he pay a $250.00 fine plus court costs. The court suspended 90 days of the appellant's sentence conditioned on his payment of restitution to Goings for his out-of-pocket expenses. The appellant filed a timely appeal, citing the following assignments of error:
 {¶ 8} "Assignment of Error No. 1 — The trial court abused its discretion and erred as matter of law in failing to justify its reasons for imposing both a fine and imprisonment for a misdemeanor offense pursuant to Revised Code 2929.22(E) and (F) and Criminal Rule 32.
 {¶ 9} "Assignment of Error No. 2 — The trial court abused its discretion and erred as a matter of law in failing to find that Appellant had proven that he acted in self-defense and therefore created reasonable doubt as to his guilt. A. Appellant proved by a preponderance of the evidence that he acted in self-defense. B. The State/City of Athens failed to prove its case beyond a reasonable doubt.
 {¶ 10} "Assignment of Error No. 3 — The State of Ohio, and City of Athens, as well as the trial court, violated Appellant's right to equal protection under both the United States and Ohio Constitutions.
 {¶ 11} "Assignment of Error No. 4 — The trial court's ruling should be reversed as Appellant received ineffective assistance of counsel at the trial level violating Appellant'sSixth and Fourteenth Amendment rights under the United States Constitution as well as Appellant's right under Section #10, Article I of the Ohio Constitution."
 II. {¶ 12} In his first assignment of error, the appellant argues that the trial court abused its discretion by imposing both a fine and a jail term without complying with R.C. 2929.22(E) and (F).
 {¶ 13} A trial court generally has broad discretion when sentencing a defendant for a misdemeanor. Columbus v. Jones
(1987), 39 Ohio App.3d 87, 88, 529 N.E.2d 947, 948-949. Thus, when we consider a claim that the trial court erred in imposing a particular sentence, we must determine whether the trial court abused its discretion. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary.Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. Inre Jane Doe I (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181,1184-1185, citing Berk v. Matthews (1990), 53 Ohio St.3d 161,169, 559 N.E.2d 1301, 1308-1309.
 {¶ 14} R.C. 2929.22 provides:[2] "(E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specifically adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain. (F) The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents[.]"
 {¶ 15} We have previously held that R.C. 2929.22(E) and (F) impose an affirmative duty on the trial court to justify its decision to impose both a fine and imprisonment for a misdemeanor. State v. Polick (1995), 101 Ohio App.3d 428, 432,655 N.E.2d 820, 822; Chillicothe v. Remy, Ross App. No. 02CA2664, 2003-Ohio-2600, at ¶¶ 34-35; State v. West, Highland App. No. 01CA10, 2002-Ohio-2114, at ¶ 23. Additionally, a trial court abuses its discretion when it fails to consider whether a defendant will be able to pay an imposed fine without undue hardship as required by R.C. 2929.22(F). Polick, supra; Statev. Stevens (1992), 78 Ohio App.3d 847, 851, 606 N.E.2d 970, 973;West, supra.
 {¶ 16} A review of the record reveals that the court failed to state its basis for imposing both a fine and a jail term. Although it is likely that the court imposed both punishments because the appellant caused physical harm to Goings requiring surgery and a week-long hospital stay, without the court's statement as to its sentencing rationale, we cannot be certain. Based on the misdemeanor sentencing scheme's general preference for jail time or a fine rather than both and our earlier holdings, we conclude that the trial court must state its reasons for imposing jail time and a fine under R.C. 2929.22(E) even when the court's reasons are arguably discernible from the record. We reach this conclusion because it provides some assurance that the court starts its sentencing analysis from the statutory preference and only proceeds to imposition of dual sanctions after considering the intent and direction of R.C. 2929.22(E).
 {¶ 17} Additionally, it appears that the trial court failed to inquire into the appellant's financial situation before imposing the fine, as required by R.C. 2929.22(F). Since the appellant testified that he was attending college at the time of his conviction and sentencing and there is no evidence that he was employed, the imposition of a fine may have created a financial hardship. The appellant's first assignment of error is sustained.
 III. {¶ 18} In his second assignment of error, the appellant argues that the trial court erred in finding him guilty because he proved by a preponderance of the evidence that he acted in self-defense and the State failed to prove its case beyond a reasonable doubt. The appellant contends that the State and the defense versions of the events surrounding the altercation are so grossly inconsistent that, in the absence of independent witnesses, it is impossible for the State to prove he committed assault. We disagree.
 {¶ 19} Essentially, the appellant is arguing that his conviction is against the manifest weight of the evidence. When considering such an argument, our role is to determine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction."State v. Getsy, 84 Ohio St.3d 180, 193, 1998-Ohio-533,702 N.E.2d 866. The reviewing court sits, essentially, as a "`thirteenth juror' and [may] disagree with the fact finder's resolution of the conflicting testimony." State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quotingTibbs v. Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 2218,72 L.Ed.2d 652. The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of witnesses, keeping in mind that credibility generally is an issue for the trier of fact to resolve. State v.Thomas (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356; State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus,227 N.E.2d 212. The reviewing court may reverse the conviction if it appears that the fact finder, in resolving evidentiary conflicts, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, 78 Ohio St.3d at 387, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. On the other hand, we will not reverse a conviction if the State presented substantial evidence upon which the trier of fact could reasonably conclude that all essential elements of the offense had been established beyond a reasonable doubt. State v.Eley (1978), 56 Ohio St.2d 169, syllabus, 383 N.E.2d 132.
 {¶ 20} The appellant does not dispute that he struck Goings; rather, he argues that he acted in self-defense. Self-defense is an affirmative defense and the burden of going forward with evidence to prove self-defense rests entirely on the accused. See R.C. 2901.05(A); see, also, State v. Palmer (1997),80 Ohio St.3d 543, 563, 687 N.E.2d 685, 703; State v. Martin (1986),21 Ohio St.3d 91, 488 N.E.2d 166, at the syllabus, affirmed inMartin v. Ohio (1987), 480 U.S. 228, 107 S.Ct. 1098,94 L.Ed.2d 267. To prove self-defense, the evidence must show that: (1) the accused was not at fault in creating the situation that gave rise to the affray; (2) the accused has a bona fide belief that he was in imminent danger of harm and that his only means of escape from such danger was in the use of such force; and (3) the defendant must not have violated any duty to retreat or to avoid the danger. State v. Williford (1990), 49 Ohio St.3d 247, 249,551 N.E.2d 1279, 1281; State v. Robbins (1979), 58 Ohio St.2d 74,388 N.E.2d 755, at paragraph two of the syllabus.
 {¶ 21} The record in this case reveals two basic versions of the relevant events. According to the State's witnesses, Goings, Jeremy Greenberg, and the Kilvers were walking towards the Pita Pit, a restaurant, after visiting several area bars. Brad Young made a derogatory comment about Jeremy Greenberg's attire, and Greenberg and members of Young's group exchanged words. Goings and his friends continued walking, but were followed by Young and his group. As the Goings group entered the alcove in front of the Pita Pit, Young confronted Greenberg. Greenberg picked up a newspaper stand located in the alcove and struck Young in the face with it. The appellant hit Goings in the head or face and Goings fell to the ground. As Goings lay on the ground, the appellant continued to strike him.
 {¶ 22} According to the defense witnesses, Young exited the Red Brick Tavern and was standing on the sidewalk waiting for his friends. Goings walked by, shoved Young in the shoulder, and called him an "asshole." The Kilvers apologized to Young for Goings' behavior and Young dismissed the incident. Young and his friends began heading toward their vehicle in the same direction as Goings and his group, walking behind the Goings group. When Greenberg reached the alcove of the Pita Pit, he turned around, walked down the stairs, made some comments and "threw" what appeared to be "gang signs." Greenberg then walked back up the stairs towards the Pita Pit. Young approached Greenberg and, as he did, Greenberg grabbed the newspaper stand and hit Young in the head several times. As the appellant attempted to intervene to assist Young, Goings ran towards him. The appellant hit Goings one time because he was afraid Goings was going to hit or tackle him, and Goings fell to the ground.
 {¶ 23} Clearly, the trial court was faced with two different versions of the events in this case. To further complicate matters, many of the witnesses observed only a portion of the events. However, despite the appellant's contention otherwise, these facts alone do not mandate an acquittal. As the trier of fact, the court was free to credit the testimony of the State's witnesses and discredit the testimony of the defense witnesses, in whole or in part. Since the appellant admitted striking Goings, the court only needed to determine whether his actions were justified on the ground of self-defense.
 {¶ 24} Although the appellant testified that he believed Goings was going to strike or tackle him, Goings testified that he felt a blow to the back of his head and did not even see who hit him. Goings' testimony is inconsistent with the appellant's claim that Goings was approaching him and that he felt threatened. Moreover, Ashley Kilver testified that she observed the appellant repeatedly hitting Goings in the head as Goings laid on the ground. This testimony contradicts the appellant's claim that he used only the force necessary to defend himself.
 {¶ 25} Having carefully reviewed the evidence presented at trial, we conclude that the trial court did not clearly lose its way or create a manifest miscarriage of justice by finding the appellant guilty of assault or rejecting his claim of self-defense. The appellant's second assignment of error is overruled.
 IV. {¶ 26} In his third assignment of error, the appellant argues that the State and the trial court violated his equal protection rights. He contends that he was treated differently than the other individuals involved in the altercation since he was the only participant charged and prosecuted for assault. Although he does not use the term, the appellant is essentially arguing that he is the victim of "selective prosecution."
 {¶ 27} Before turning to the merits of his claim, it is apparent that the appellant failed to raise this issue below. A failure to raise constitutional issues at the trial level results in a waiver of those issues on appeal. State v. Gee, Scioto App. No. 99CA2656, 2000-Ohio-1963. Nonetheless, because the appellant argues in his next assignment of error that his trial counsel was ineffective for failing to raise this issue, we will address the merits of this claim.
 {¶ 28} The State denies equal protection of the laws when it makes "unjust and illegal discriminations between persons in similar circumstances, material to their rights * * *." State v.Flynt (1980), 63 Ohio St.2d 132, 134, 407 N.E.2d 15, quotingYick Wo v. Hopkins (1886), 118 U.S. 356, 373-374, 6 S.Ct. 1064,30 L.Ed. 220. In order to establish a case of "selective prosecution," a criminal defendant must make a prima facie showing: "(1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." Id. The defendant's burden of establishing discriminatory prosecution is a heavy one. State v.Freeman (1985), 20 Ohio St.3d 55, 58, 485 N.E.2d 1043. "The mere failure to prosecute other violators of the statute which appellants were charged with violating does not establish the defense of selective prosecution." Id. Selectivity in enforcement does not constitute a constitutional violation unless the discrimination is "intentional or purposeful." Flynt,63 Ohio St.2d at 134, 407 N.E.2d 15, quoting Snowden v. Hughes (1944),321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497. Moreover, the mere existence of a potential discriminatory purpose does not, by itself, show that such purpose motivated a particular defendant's prosecution. Freeman, 20 Ohio St.3d at 58, 485 N.E.2d 1043.
 {¶ 29} As evidence of his selective prosecution, the appellant cites to the fact that Jeremy Greenberg pled guilty to a reduced charge of persistent disorderly conduct rather than facing trial for assault. The appellant contends that Greenberg's actions were far worse than his own because Greenberg used a deadly weapon, i.e. the newspaper stand, in committing the assault. Notably, Greenberg testified that he was initially charged with assault. Therefore, the appellant's claim that the State singled him out for prosecution is meritless. While the State may have offered Greenberg but not the appellant a plea, there is no evidence of the State's plea negotiations with either party so it is mere speculation that the State treated these two individuals differently. Moreover, Goings testified that he sustained serious injuries as a result of the appellant's actions. Goings was hospitalized for a week and had reconstructive surgery on his face, including the installation of three metal plates. While there is evidence that Young received treatment for the injuries Greenberg caused, it does not appear that Young's injuries were as extensive as Goings'. Therefore, the appellant has not proved that he and Greenberg were similarly situated.
 {¶ 30} Furthermore, the appellant has cited no invidious or bad faith purpose for the State's alleged selective prosecution. In fact, the appellant has cited no reason at all for the State's allegedly disparate treatment. Therefore, the appellant's third assignment of error is overruled.
 V. {¶ 31} In his final assignment of error, the appellant argues that his trial counsel was ineffective. The appellant contends that his trial counsel should have introduced into evidence a memorandum from an Assistant Athens County Prosecutor to an Assistant Athens City Prosecutor. The memorandum states that the Assistant County Prosecutor declined to present this case to the grand jury due to conflicting stories between the parties and the lack of independent witnesses, and that he "believe[s] all involved should be charged with disorderly conduct by fighting." The appellant also contends that the gravamen of his defense case should have been the disparate treatment between him and Jeremy Greenberg, but trial counsel barely mentioned Greenberg's lenient treatment and failed to make an equal protection claim based on this disparate treatment. Lastly, the appellant contends that his trial counsel was ineffective in failing to inform the court of the effect a conviction would have on his future career plans. The appellant states that he was majoring in education and planned on being a teacher and coach but, under R.C. 3319.39, the conviction for assault will preclude him from teaching or coaching in Ohio.
 {¶ 32} The Sixth Amendment to the United States Constitution and Section 10, Article I, Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. Furthermore, the United States Supreme Court has generally interpreted this provision to mean that a criminal defendant is entitled to the "reasonably effective assistance" of counsel. Strickland v. Washington
(1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693, 104 S.Ct. 2052. In order to prove the ineffective assistance of counsel, a criminal defendant must show that (1) counsel's performance was in fact deficient, i.e., not reasonably competent, and (2) such deficiencies prejudiced the defense so as to deprive the defendant of a fair trial. Strickland, 466 U.S. at 687,80 L.Ed.2d at 693; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, 538 N.E.2d 373.
 {¶ 33} When considering whether counsel's representation amounts to a deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. The United States Supreme Court has noted that "there can be no such thing as an error-free, perfect trial, and * * * the Constitution does not guarantee such a trial." United States v. Hasting (1983),461 U.S. 499, 508-509, 103 S.Ct. 1974, 76 L.Ed.2d 96.
 {¶ 34} After reviewing the record and the appellant's claims, we conclude that trial counsel's performance was not deficient. The memorandum the appellant refers to, and attached to his brief, is not contained in the trial record. In a direct appeal, a reviewing court may only consider what is contained in the trial court record. See, e.g., State v. Ishmail (1976),54 Ohio St.2d 402, 377 N.E.2d 500, syllabus. See, also, State v.Hartman, 93 Ohio St.3d 274, 299, 2001-Ohio-1580, 754 N.E.2d 1150
(explaining that if establishing ineffective assistance of counsel requires proof outside the record, then such claim is not appropriately considered on direct appeal). To raise ineffective assistance claims based on matters outside the record, a defendant must pursue the post-conviction remedies outlined in R.C. 2953.21. State v. Jacobson, Adams App. No. 01CA730, 2003-Ohio-1201, at ¶ 14, quoting State v. Cooperrider (1983),4 Ohio St.3d 226, 228, 448 N.E.2d 452. Therefore, the appellant's claim in this regard is not properly before this Court. Even if this claim were properly before us, we see no relevance to this document. Since the trial witnesses, other than the police officers who investigated the incident, were all participants in the altercation or friends of the participants, it was readily apparent that there were no independent witnesses. Moreover, although the Assistant County Prosecutor could make a recommendation as to the charges which he believed should be brought against the appellant, it was ultimately the Athens City Prosecutor's decision to charge the appellant. The Assistant County Prosecutor's opinion has no bearing on the appellant's guilt or innocence and does not provide any evidence of selective prosecution.
 {¶ 35} We also reject the appellant's claim that his trial counsel was ineffective for failing to raise a claim of selective prosecution and failing to distinguish the prosecutorial treatment the appellant received from the treatment Greenberg received. As we explained when addressing the appellant's third assignment of error, the appellant was not a victim of selective prosecution. Therefore, trial counsel did not err in failing to make this assertion. Moreover, trial counsel's decision not to assert a defense of "but he's worse than me" was sound trial strategy as such a defense assertion had little, if any, chance of success.
 {¶ 36} Last, we reject the appellant's assertion that his trial counsel was ineffective for failing to alert the court to the effect a conviction would have on his future teaching career. The appellant testified that he was an education major so the court may have been on notice of the effect a conviction would have on the appellant. Further, the appellant's assertion that his assault conviction precludes him from teaching in Ohio may not be correct.
 {¶ 37} R.C. 3319.39(B)(1)(a) and (b) provide that boards of education may not hire individuals who have been convicted of violating the listed provisions of the Revised Code or former laws of this state, another state, or the United States that are substantially equivalent to the listed offenses. However, the appellant was convicted of violating a City of Athens ordinance, not a state law. Moreover, even if R.C. 3319.33(B) initially precludes the appellant's hiring, R.C. 3319.33(E) provides that the department of education shall adopt rules "specifying circumstances under which the board * * * may hire a person who has been convicted of an offense listed in division (B)(1) * * * but who meets standards in regard to rehabilitation set by the department."
 {¶ 38} Therefore, the appellant may be able to remedy the effect his conviction could have on his future career plans. Lastly, and most importantly, the fact that the appellant may be precluded from teaching if convicted of assault has absolutely no bearing on the appellant's guilt or innocence. The trial court was required to determine whether the appellant assaulted Goings, not whether the appellant was deserving of the collateral consequences associated with an assault conviction. Therefore, defense counsel was not deficient in failing to argue that his client should be acquitted on this ground.
 {¶ 39} Having reviewed the record, we conclude that trial counsel's performance was not deficient and, in fact, trial counsel did an excellent job of presenting the appellant's version of events to the court. The court simply did not believe the appellant's claim of self-defense. The appellant's fourth assignment of error is overruled.
Judgment affirmed in part, reversed in part, and cause remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED and that the Appellant and Appellee split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] The subpoenas in this case were issued to Cara and Ashley Kalberer; however, we use the names and spellings reflected in the transcript throughout this opinion.
[2] The sections of the Revised Code that govern misdemeanor sentencing have been significantly altered, effective January 1, 2004, by Amended Substitute House Bill 490, the Ohio Criminal Sentencing Act. These changes do not affect our consideration of the appellant's sentence since the alleged crimes and sentence both occurred prior to January 1, 2004.