The STATE of Ohio, Appellee,

v.

BACON, Appellant.

[Cite as *State v. Bacon* (1996), 109 Ohio App.3d 877.]

Court of Appeals,
Sixth District, Wood County.

No. WD–95–110.

Decided May 10, 1996.

---

*Victoria L. Smith,* for appellee.

*Richard A. Schmidt,* for appellant.

*Per Curiam.*

This is an accelerated appeal from a judgment of the Bowling Green Municipal Court which found appellant, Robert R. Bacon, guilty of nonsupport of his children pursuant to R.C. 2919.21, a first degree misdemeanor. Bacon was sentenced to one hundred eighty days and fined $1,000. The court suspended thirty days and the $1,000 fine and placed Bacon on probation for five years.

Bacon appeals, stating one assignment of error:

"The trial court erred by sentencing Appellant to an extended jail term which was inappropriate, counterproductive and created an undue hardship on Appellant under the specific circumstances of this case."

In support of his assignment of error, appellant argues that the trial court's imposition of one hundred fifty days of jail time is "counterproductive and inappropriate and creates an undue hardship." In essence, defendant argues that his sentence caused him to lose his job delivering the Toledo Blade to customers on a motor route, which consequently leaves him without means to pay the child support due. In sum, defendant argues that if he is in jail he cannot pay his child support and, therefore, the court should not have given him such an extended sentence. At the sentencing hearing, the trial court judge heard evidence that Bacon is in arrears on his child support obligation in the amount of almost $5,000 for the period covered by the charge, *i.e.*, June 8, 1994 to August 31, 1995, that his total arrearage of child support payments is in the amount of approximately $29,000, that Bacon had been previously held in contempt of court for failure to meet his child support obligation on two occasions, and that Bacon had previously served a ten-day sentence on one of the contempt charges.

A trial court judge has broad discretion in imposing a sentence on a defendant. *Columbus v. Jones* (1987), 39 Ohio App.3d 87, 529 N.E.2d 947. Therefore, this court's standard of review in an appeal challenging the severity of a sentence is whether the trial court abused its discretion. In *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149, the court stated:

"The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."

"Where the sentence imposed by the trial court is within the limits prescribed by statute, the court of appeals cannot hold that the trial court abused its discretion by imposing too severe a sentence." *State v. Coyle* (1984), 14 Ohio App.3d 185, 14 OBR 203, 470 N.E.2d 457, paragraph two of the syllabus. However, in sentencing a defendant to jail time on a misdemeanor, the trial court judge must consider all the factors in R.C. 2929.22 and R.C. 2929.12(C). *State v. Polick* (1995), 101 Ohio App.3d 428, 655 N.E.2d 820. In the instant case, appellant's sentence was the maximum allowed for a first degree misdemeanor and was thus within the statutory limits. See R.C. 2929.21. Further, there is no indication in the record that the trial court did not consider all of the R.C. 2929.22 and 2929.12 factors in sentencing defendant. "A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus.

We therefore find that the trial court did not abuse its discretion and further find the appellant's sole assignment of error not well taken.

Accordingly, the judgment of the Bowling Green Municipal Court is affirmed. Costs to appellant.

*Judgment affirmed.*

HANDWORK, GLASSER and ABOOD, JJ., concur.