The STATE of Ohio, Appellee,

v.

STROHM, Appellant.

[Cite as *State v. Strohm,* 153 Ohio App.3d 1, 2003-Ohio-1202.]

Court of Appeals of Ohio,
Third District, Crawford County.

Nos. 3–02–39, 3–02–40, 3–02–41, 3–02–42, 3–02–43, 3–02–44 and 3–02–45.

Decided March 17, 2003.

**2**

Clifford Murphy, Assistant Prosecuting Attorney, for appellee.

Shane M. Leuthold, for appellant.

THOMAS F. BRYANT, Presiding Judge.

{¶ 1} Defendant-appellant Michael A. Strohm ("Strohm") brings these appeals from the judgment of the Crawford County Municipal Court.

{¶ 2} On October 4, 2002, Strohm's vehicle went off the road, striking a tree, a gas pole, and a stop sign. No other vehicles were involved. Strohm was injured in the accident, but no other people were involved. Strohm then moved his vehicle out of the ditch and into the nearest driveway. Strohm changed the rear plate on his vehicle, left it in the driveway, and walked away. A neighbor called the police and notified them of the accident. The police arrived at the scene and located the vehicle. The police attempted to find the driver without success. A check of the front license plate indicated that the plate was registered to Joshua Strohm. The rear plate was registered to a third party who had reported the plate as lost or stolen from his trailer. On October 5, 2002, Strohm was arrested by the police and charged with the following: (1) driving while under a financial responsibility suspension, a first degree misdemeanor; (2) failing to control a motor vehicle, a minor misdemeanor; (3) failure to wear a safety belt; (4) fictitious plates, a fourth degree misdemeanor; (5) leaving the scene of an accident, a second degree misdemeanor; and (6) possession of drug paraphernalia, a fourth degree misdemeanor. At a hearing on October 7, 2002, Strohm waived his rights, including his right to counsel, and entered pleas of no contest to the offenses charged. The trial court then found Strohm guilty and sentenced him as follows: (1) 180 days in jail and a $200 fine; (2) 30 days in jail and a $250 fine; (3) 30 days in jail and a $100 fine; (4) 180 days in jail;[1] (5) a $30 fine; and

---

1. This court notes that although Strohm consented to a finding of guilt by pleading no contest, the evidence may not support a finding of guilt on the offense charged. This sentence was imposed for a violation of R.C. 4549.021 This section makes it illegal to fail to contact the owner of property damaged in an accident that occurred on private property. The accident at issue here occurred on a public roadway. In addition, the statute provides one who damages

(6) a \$100 fine. All jail sentences were ordered to be served consecutive to each other as well as to two other misdemeanor sentences imposed, for a total of 506 days in jail. All of the above sentences were the maximum sentences permitted by law. On November 8, 2002, Strohm filed his notices of appeals in these cases and raised the following assignments of error.

"The court erred by imposing a fine in the cases that [Strohm] was ordered to be incarcerated.

"The court erred by imposing maximum sentences in all of [Strohm's] cases.

"The trial court erred by imposing consecutive maximum sentences of imprisonment without stating its consideration of the required factors enumerated in R.C. 2929.22."

{¶ 3} This court notes that the state did not file a brief. Thus, pursuant to App.R. 18, we will accept the facts as stated in Strohm's brief as accurate.

{¶ 4} R.C. 2929.22 provides the sentencing guidelines for misdemeanor sentencing. The statute provides:

"(A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; * * * and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.

"(B)(1) The following do not control the court's discretion but shall be considered in favor of imposing imprisonment for a misdemeanor:

"(a) The offender is a repeat or dangerous offender;

"(b) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was [65] years of age or older, permanently and totally disabled, or less than [18] years of age at the time of the commission of the offense.

"(c) The offense is a violation of [R.C. 2919.25 or 2903.13] involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a

---

property with 24 hours to report the damage to the owner or the police if the owner of the damaged property is not known. Here, Strohm was arrested and charged before that time period had expired. However, this issue was not raised on appeal.

parent, guardian, custodian, or person in loco parentis of one or more of those children.

"* * *

"(C) The criteria listed in [R.C. 2929.12(C) and (E) ] that mitigate the seriousness of the offense and that indicate that the offender is unlikely to commit future crimes do not control the court's discretion but shall be considered against imposing imprisonment for a misdemeanor.

"* * *

"(E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.

"(F) The court shall not impose a fine or fines that in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents or will prevent the offender from making restitution or reparation to the victim of the offender's offense." R.C. 2929.22.

██ {¶ 5} In the first assignment of error, Strohm challenges the imposition of the fines in addition to jail time. R.C. 2929.22 specifically prohibits the imposition of a fine and a jail term unless it is specifically adapted to the deterrence of the offense or the correction of the offender. The trial court has a duty to justify its decision to impose both a fine and imprisonment for a misdemeanor. *State v. Polick* (1995), 101 Ohio App.3d 428, 655 N.E.2d 820. In addition, the trial court is required to inquire into a defendant's ability to pay fines and whether such fines would impose a hardship. R.C. 2929.22(F). *State v. Stevens* (1992), 78 Ohio App.3d 847, 606 N.E.2d 970. See, also, *State v. Turner* (June 4, 1998), Auglaize App. No. 2–98–06, 1998 WL 305360.

{¶ 6} Here, the trial court did not inquire into Strohm's ability to pay. The affidavits of indigency filed prior to the appeal indicate that Strohm has no assets except a 1982 Ford Ranger pickup that does not run, and Strohm is not employed.[2] The trial court then proceeded to impose both a jail term and a fine on four of the charges. However, the trial court did not adapt the fines as required by the statute. Thus, the imposition of the fines does not comply with R.C. 2929.22 and the first assignment of error is sustained.

---

2. No affidavit of indigency was filed in these cases prior to the finding of guilt as Strohm chose not to be represented by counsel. Once the affidavit was filed, the trial court found Strohm to be indigent and appointed counsel for the appeal.

{¶ 7} The second and third assignments of error claim that the trial court erred by imposing maximum, consecutive sentences. Unlike the imposition of maximum or consecutive sentences for felonies, the Ohio Revised Code does not provide any requirements for imposing maximum or consecutive sentences for misdemeanors, other than limiting the total amount of months that may be served to 18. However, the felony sentencing statutes suggest that maximum or consecutive sentences should only be imposed in the worst cases and only when necessary to adequately punish offenders and to protect the public. This logic seems applicable to misdemeanor situations as well. The reason that there is a range of sentences is to permit a trial court to suit the punishment to the offense. Thus, the maximum penalty should be given in the worst cases with lesser cases receiving lesser sentences.

{¶ 8} Although R.C. 2929.22 does not set forth requirements for imposing maximum or consecutive sentences, it does set forth factors that must be considered when determining whether a jail term is appropriate. *State v. Bacon* (1996), 109 Ohio App.3d 877, 673 N.E.2d 240. The failure to consider these factors is an abuse of discretion. *State v. Wagner* (1992), 80 Ohio App.3d 88, 608 N.E.2d 852.

{¶ 9} In this case, the trial court focused on Strohm's prior drug and alcohol abuse. The trial court also focused on Strohm's failure to stop his use of alcohol and marijuana. While these factors may be relevant to Strohm's character and his potential for rehabilitation, they have very little to do with the crimes for which Strohm was convicted. During the state's statement of the facts, no claim was made that Strohm's driving ability was impaired at the time of the accident. He was not charged with any sort of intoxication in relation to the accident.[3] The trial court evidently assumed that Strohm was intoxicated at the time of the accident based upon his history. While this assumption may be right, it does not bear a relation to the offenses for which Strohm was convicted and is not based on any evidence. The trial court's desire to solve Strohm's drug and alcohol problems is commendable but it is not a factor that should be considered for these charges.

{¶ 10} The record is full of references to Strohm's drug and alcohol problems. However, the record is silent as to the statutory factors that are required to be considered by the trial court. A review of those factors indicate that only one factor in favor of a prison sentence could possibly apply and that is the factor that Strohm may be a repeat or dangerous offender. R.C. 2929.22(B)(1)(a). The

---

3. Strohm was charged with possession of marijuana for personal use and possession of drug paraphernalia. These charges arose from events that transpired on October 5, 2002, when the police went to arrest Strohm for the accident.

other two factors do not apply because this is not a domestic violence charge and there is no victim. R.C. 2929.22(B)(1)(b) and (c). Given the trial court's failure to consider the statutory factors, the second and third assignments of error are affirmed.

{¶ 11} The judgments of the Crawford County Municipal Court are reversed, and the cause is remanded.

Judgments reversed<br>and cause remanded.

WALTERS and SHAW, JJ., concur.