DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Municipal Court judgment of conviction and sentence. Following a bench trial, Chad L. Fitzpatrick, defendant below and appellant herein, was found guilty of criminal damaging in violation of R.C. 2909.06.
 {¶ 2} Appellant assigns the following error for review:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT AND ABUSED ITS DISCRETION IN SENTENCING DEFENDANT TO JAIL." COUNSEL FOR APPELLEE: *Page 2 
 {¶ 3} In the early morning hours of June 10, 2006, appellant was drinking at the "Whiskey River Saloon" at the Grandview Inn. Todd Gillum, who was "working the door" that evening, confronted appellant about his behavior. Appellant soon left and, once in the parking lot, scratched a rock against Gillum's maroon Ford F 150 truck and caused approximately $1,000 in damages.
 {¶ 4} Two days later, a criminal complaint was filed charging him with criminal damaging. Appellant pled not guilty and the matter proceeded to a bench trial. At the conclusion of the trial, the court found appellant guilty and scheduled the matter for sentencing.
 {¶ 5} Appellant did not appear for his first scheduled sentencing hearing, but did appear on September 15, 2006. He blamed his previous absence on a failure to get his mail. The trial court, however, opined that it did not "buy much of [his] explanation." The court also stated that if it had considered a suspended sentence, "that consideration ha[d] now evaporated." Thereupon, the court sentenced appellant to serve thirty days in jail, make restitution and a $250 fine.
 {¶ 6} Appellant appealed that judgment but we dismissed it for lack of a final order. We noted that the trial court's judgment of conviction and sentence did not fully comply with Crim.R. 32(C). See State v.Fitzpatrick, Lawrence App. No. 06CA33, 2007-Ohio-3985. A subsequent judgment was issued that complied with that rule and this appeal followed.
 {¶ 7} Appellant asserts in his assignment of error that the trial court committed reversible error by sentencing him to serve time in jail. We disagree.
 {¶ 8} Appellant was convicted of a second degree misdemeanor. See R.C. *Page 3 2909.06(B). Ohio law permitted the trial court to sentence appellant to serve up to ninety days in jail for such an offense. See R.C.2929.24(A)(2). When sentencing a misdemeanant, trial courts are vested with the discretion to determine the most effective way to carry out the purposes and principles of sentencing. See R.C. 2929.22(A). One of those purposes, of course, is to punish the offender. See R.C. 2929.21(A).
 {¶ 9} Generally, trial courts enjoy broad discretion when imposing sentences in misdemeanor cases and we will not vacate a sentence unless the court abused its discretion. State v. Polick (1995),101 Ohio App.3d 428, 430-31, 655 N.E.2d 820; State v. McWhorter (Mar. 5, 2002), Ross App. No. 01CA2619; State v. Steers (Feb. 20, 1997), Washington App. No. 96CA12. We note that an abuse of discretion is more than an error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary or unconscionable. State v. Clark (1994),71 Ohio St.3d 466, 470, 644 N.E.2d 331, 335; State v. Moreland (1990),50 Ohio St.3d 58, 61, 552 N.E.2d 894, 898. When reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1
(1991). 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181. To establish an abuse of discretion, the result must be so grossly and palpably violative of fact or logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but the defiance of judgment, and not the exercise of reason but instead passion or bias.Vaught v. Cleveland Clinic Found., 98 Ohio St.3d 485, 787 N.E.2d 631, 2003-Ohio-2181,]}13; Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254, 256, *Page 4 662 N.E.2d 1. With these principles in mind, we turn our attention to the sentence imposed in the case sub judice.
 {¶ 10} At the outset we note that the trial court imposed a thirty day jail sentence, which is one third (_) of the jail sentence that it could have imposed under law. Although the trial court did not expressly state its reasons for imposing that sentence, silence is not fatal if the record supports the decision and no abuse of discretion is apparent. See generally State v. Robenolt, Mahoning App. No. 04MA104, 2005-Ohio-6450, at]}21; Conneaut v. Peaspanen, Ashtabula App. No. 2004-A-0053,2005-Ohio-4658, at T|28; Cleveland v. Uveges (May 16, 1991), Cuyahoga App. Nos. 58498-59501. Moreover, when a jail sentence falls within the statutory limit, as it does here, reviewing courts presume that the trial court followed the appropriate statutory guidelines. State v.Wagner (1992), 80 Ohio App.3d 88, 95-96, 608 N.E.2d 852; State v.Crable, Belmont App. No. 04BE17, 2004-Ohio-6812, at]}24.
 {¶ 11} After our review of the facts and circumstances in the instant case, we note that the act appellant committed was not a random act of violence committed in the heat of the moment. Rather, the evidence indicated the appellant and Todd Gillum knew each one other from past encounters at the tavern and that Gillum "had problems with [appellant] before." Moreover, their confrontation that night took place inside the tavern and thus gave appellant time to plan how to take revenge against Gillum. Appellant also caused considerable damage to Gillum's truck and, although the court ordered him to pay restitution, it is not clear whether appellant will be able do so.[1] In light of the nature and circumstances surrounding this offense, see R.C. *Page 5 2929.22(B)(1)(a), we cannot conclude that a thirty day jail sentence constitutes an abuse of discretion.
 {¶ 12} Appellant argues that the sole reason for his jail sentence is because he failed to appear at his first sentencing hearing. He further asserts that this is not a permissible factor to consider under R.C.2929.22. We find these arguments unpersuasive for several reasons.
 {¶ 13} To begin, we disagree with the underlying premise of appellant's argument. R.C. 2929.22(B)(1) factors are not exclusive. Indeed, a trial court may consider any other factor relative to achieving the purposes and principles of sentencing. Id. at (B)(2). However, the trial court explicitly opined that it did not "buy much" of appellant's explanation for missing the sentencing hearing just as it did not "buy [his] denials" of committing this offense which he continued to make at the sentencing hearing. To the extent that the trial court sought to punish appellant's continual cavalier attitude toward the law and the legal system, we do not believe thirty days in jail constitutes an abuse of discretion. More importantly, however, we believe that appellant places too much emphasis on the trial court's comment. The court did not state that it was not going to impose a jail sentence, nor did the court state that it planned to impose a jail sentence, but then suspend it. What the court actually said was that, "if [it had been] considering a suspended sentence, that consideration [was] now evaporated." We believe that the court's comment was phrased as a hypothetical. In other words, if the court had hypothetically been inclined to consider a suspended sentence, that consideration had evaporated. The court did not indicate that it actually considered and decided that such a sentence was appropriate. Moreover, shortly *Page 6 
before this comment, defense counsel asked that his client be given a "suspended sentence." We interpret the court's comment as simply a response to that request.
 {¶ 14} For the reasons stated above and because we find no abuse of discretion in the trial court's sentence, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. McFarland, P.J. Kline, J.: Concur in Judgment Opinion
[1] Appellant's financial affidavit indicates that he earns $600 per month. *Page 1