[Cite as *State v. Picklesimer*, 2012-Ohio-1282.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA9 |
| | : | |
| vs. | : | **Released: March 16, 2012** |
| | : | |
| JAMES PICKLESIMER, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Lori Pritchard Hardin, Circleville, Ohio, for Appellant.

Gary Kenworthy, City of Circleville Law Director, and Benjamin A. Sigall, City of Circleville Assistant Law Director, Circleville, Ohio, for Appellee.
_____

McFarland, J.:

{¶1} This is an appeal from a Circleville Municipal Court judgment of conviction and sentence finding Appellant guilty after a bench trial of two counts of assault, both first degree misdemeanors in violation of R.C. 2903.13, and one count of criminal damaging, a second degree misdemeanor in violation of R.C. 2909.06. On appeal, Appellant contends that 1) the State of Ohio failed to prove each and every element of the crime charged beyond a reasonable doubt, claiming that as such the guilty verdict was entered against the manifest weight of the evidence; 2) the trial court erred to

the prejudice of Appellant and abused its discretion when it sentenced him to the maximum jail term permitted by law for the offense committed; 3) he was denied effective assistance of counsel due to the fact that counsel failed to object to inadmissible evidence, failed to object to procedural errors as it related to one count, failed to cross examine a key witness, erred by calling one of the State's witnesses, and failed to present persuasive closing arguments; 4) the trial court erred to the prejudice of Appellant and denied him due process of law when it rendered a finding of guilt of a charge of criminal damaging not properly before the court.

{¶2} After considering Appellant's assignments of error, we find some merit in Appellant's arguments. First, as we agree with Appellant that the trial court erred in convicting him of criminal damaging when that charge was not properly before the court, we sustain Appellant's fourth assignment of error and vacate Appellant's conviction for the criminal damaging charge. Secondly, with respect to Appellant's third assignment of error, we find trial counsel's performance both deficient and prejudicial in connection with his refusal to accept the State's offer to dismiss the assault charge as to Lindsey Fee, which ultimately resulted in a conviction. As such, we sustain Appellant's third assignment of error and vacate Appellant's conviction for the assault charge against Lindsey Fee.

{¶3} Next, in light of our conclusion that the State proved each and every element of the alleged assault against Brandon Hardesty beyond a reasonable doubt and that Appellant did not sufficiently demonstrate that he acted in self defense, we overrule Appellant's first assignment of error and affirm Appellant's conviction with respect to the sole remaining charge of assault. Finally, as we find no abuse of discretion on the part of the trial court with respect to the sentence imposed on the remaining conviction, we overrule Appellant's second assignment of error and affirm the sentence of the trial court with respect to that conviction.

{¶4} Thus, Appellant's conviction and sentence for assault as against Lindsey Fee, as well as his conviction and sentence for criminal damaging are vacated. Further, his conviction and sentence for assault as against Brandon Hardesty are affirmed.

## FACTS

{¶5} Two complaints were filed in the Circleville Municipal Court on September 28, 2010, each charging Appellant, James Picklesimer, with assault, first degree misdemeanor in violation of R.C. 2903.13. The complaint identified as case number 10CRB1351-A alleged Appellant assaulted Lindsey Fee and the complaint identified as case number 10CRB1351-B alleged Appellant assaulted Brandon Hardesty. These

complaints stemmed from an incident that occurred on September 23, 2010, where Appellant showed up at property owned by Hardesty's aunt, where Hardesty and Fee were working on a truck owned by Hardesty's brother. Apparently Appellant and Fee had been romantically linked. Appellant arrived at the property and within a minute a scuffle ensued, resulting in a call to law enforcement reporting Hardesty and Fee had been assaulted.

{¶6} The matter proceeded and was scheduled for a bench trial on February 15, 2011. Just five days prior to the scheduled bench trial, another complaint was filed, identified as case number 10CRB1351-C, charging Appellant with criminal damaging, a second degree misdemeanor in violation of R.C. 2909.06. When the matter came on for the scheduled bench trial on February 15, 2011, a discussion ensued regarding the newly filed complaint and it was determined by all parties and the court that only the assault charges would proceed to trial and that the criminal damaging charge would be continued. Because a key witness, Lindsey Fee, did not appear for trial, the trial court suspended the trial and issued a writ of attachment commanding Fee's presence for trial. The trial was then resumed on March 17, 2011.

{¶7} After hearing the evidence presented at trial, which included testimony from the victims, Sergeant Bachnicki of the Pickaway County

Sheriff's Office, and Appellant himself, the trial court found Appellant guilty of both assault charges, as well as the criminal damaging charge. The trial court then proceeded to sentence Appellant to 180 days on each charge of assault, to be served concurrently to one another, and consecutive to a 90 day suspended sentence on the criminal damaging charge. It is from this judgment and sentence that Appellant now brings his timely appeal, assigning the following errors for our review.

## ASSIGNMENTS OF ERROR

"I.    THE STATE OF OHIO FAILED TO PROVED [SIC] EACH AND EVERY ELEMENT OF THE CRIME CHARGED BEYOND A REASONABLE DOUBT. AS SUCH, THE GUILTY VERDICT WAS ENTERED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

II.    THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT AND ABUSED ITS DISCRETION WHEN IT SENTENCED HIM TO THE MAXIMUM ALLOWABLE JAIL TERM FOR THE OFFENSE COMMITTED.

III.   DEFENDANT WAS DENIED INEFFECTIVE [SIC] ASSISTANCE OF COUNSEL DUE TO THE FACT THAT COUNSEL FAILED TO OBJECT TO INADMISSIBLE EVIDENCE, FAILED TO OBJECT TO PROCEDURAL ERRORS AS IT RELATED TO ONE COUNT, FAILED TO CROSS EXAMINE A KEY WITNESS, ERRED BY CALLING ONE OF THE STATE'S WITNESSES, AND FAILED TO PRESENT PERSUASIVE CLOSING ARGUMENTS.

IV.   THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT AND DENIED HIM DUE PROCESS OF LAW WHEN IT RENDERED JUDGMENT ON CRIMINAL CHARGES NOT PROPERLY BEFORE IT."

ASSIGNMENT OF ERROR IV

{¶8} For ease of analysis, we address Appellant's assignments of error out of order. In his fourth assignment of error, Appellant contends that the trial court erred to his prejudice and denied him due process of law when it rendered judgment on criminal charges not properly before it. Specifically, Appellant contends that the trial court made it clear that the count involving criminal damaging was not properly before the court due to a service issue, but then proceeded to find Appellant guilty of that charge and impose sentence. The State has declined to respond to Appellant's position and instead asks this Court to decide the matter. Based upon our review of the record, we agree with Appellant.

{¶9} As set forth above, a review of the record indicates that two criminal complaints were filed each alleging Appellant had committed the crime of assault. The first complaint, identified as case number 10CRB1351-A, alleged Appellant had assaulted Lindsey Fee. The second complaint, identified as case number 10CRB1351-B, alleged Appellant had assaulted Brandon Hardesty. These cases proceeded accordingly and were set for a bench trial on February 15, 2011. On February 10, 2011, just five days before the scheduled trial, another complaint, identified as case number 10CRB1351-C, was filed, charging Appellant with criminal damaging.

{¶10} When the matter came on for the scheduled bench trial on February 15, 2011, the parties and the court agreed that only the assault charges would be tried and that the criminal damaging charge would not proceed that day.  In fact, defense counsel represented to the trial court that he had not even been appointed on the criminal damaging case and knew nothing about it.

The trial transcript contains several references to this matter, as follows:

"Attorney for Defendant: Well the criminal damaging case is set for trial. I'm not appointed on it, it just got filed.  The case I have, was appointed on is an assault case.  I don't how [sic] the criminal damaging relates to the assault at all since I've never been appointed nor received any paperwork on it."

Prosecutor:                     The State doesn't have a problem putting off the criminal damaging to another time.

* * *

Judge:                          Well why don't we try the assault cases and we'll bump these others over to the criminal damaging cases and we'll put those all together or not.

Attorney for Defendant:  That's fine.

Judge:                          I mean if we're not prepared, there's nothing in the file that indicates that Mr. Larson was even appointed in that case and I suppose that just got scheduled cause we scheduled it together.  And that may be as much my problem as anybody's.

Prosecutor:                     Well the criminal damaging, it's possible the defendant hasn't been served but that case will

involve a number of the same witnesses so if it were possible to try the criminal damaging the State would appreciate that for the benefit of the victims who have been here on a couple of occasions already. If that's not a possibility the State understands that but we would like to point out to the court that it would be more convenient for the victims if they didn't have to appear for a third time.

Attorney for Defendant: Normally I'm amenable to that except that my client doesn't give me permission to do any of those type of things. I think the court knows I would try to do that if I could.

Judge: Well, yea, this just, the criminal damaging was just filed February 10th. I'm going to separate the two. Let's just try the assault cases. I realize it's got the same witnesses but I don't think that it's fair to Mr. Larson to try something that was filed February 10th which he's not prepared to do. Let's do the assault cases and we'll go from there."

{¶11} Although the trial was eventually suspended at some point and then resumed on March 17, 2011, there was no further mention of trying the criminal damaging charge. Then, inexplicably, at the close of the case, the trial court found Appellant guilty of the criminal damaging charge and sentenced Appellant to a suspended jail term of 90 days. Appellant had not been properly served, counsel that was trying the case had not been appointed on anything but the assault charges, and Appellant had no notice he was to defend against a charge of criminal damaging as part of the trial of the assault charges. Clearly, the trial court's actions were in error. As such,

we sustain Appellant's fourth assignment of error and hereby vacate Appellant's conviction and sentence for criminal damaging.

## ASSIGNMENT OF ERROR III

{¶12} In his third assignment of error, Appellant contends that he was denied the effective assistance of counsel due to the fact that counsel failed to object to inadmissible evidence, failed to object to procedural errors as it related to count one, failed to cross examine a key witness, erred by calling one of the State's witnesses, and failed to present persuasive closing arguments.

{¶13} In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense so as to deprive him of a fair trial. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, at ¶ 205, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. To establish deficient performance, an appellant must show that trial counsel's performance fell below an objective level of reasonable representation. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, at ¶ 95. To establish prejudice, an appellant must show a reasonable probability exists that, but for the alleged errors, the result of the proceeding would have been different.

Id. " 'In Ohio, a properly licensed attorney is presumed competent and the appellant bears the burden to establish counsel's ineffectiveness.' " *State v. Countryman*, Washington App. No. 08CA12, 2008-Ohio-6700, at ¶ 20, quoting *State v. Wright*, Washington App. No. 00CA39, 2001-Ohio-2473; *State v. Hamblin* (1988), 37 Ohio St.3d 153, 155-56, 524 N.E.2d 476, cert. den. *Hamblin v. Ohio* (1988) 488 U .S. 975, 109 S.Ct. 515.

{¶14} We first address Appellant's assertion that his trial counsel failed by calling one of the State's witnesses. "Generally, decisions to call witnesses is within the purview of defense counsel's trial strategy and is not considered deficient performance absent a showing of prejudice." *State v. Spires*, Gallia App. No. 10CA10, 2011-Ohio-3661; citing, *State v. Jackson*, Lawrence App. No. 97CA2, 1997 WL 749480; citing, *State v. Hunt* (1984), 20 Ohio App.3d 310, 312, 486 N.E.2d 108. Here, one of the State's key witnesses, Lindsey Fee, who was the victim of the assault as alleged in count one, failed to show up for trial on February 15, 2011. As a result, the trial court suspended the trial, issued a writ of attachment as to Ms. Fee, and resumed the trial on March 17, 2011, once Ms. Fee's presence was secured. However, at the beginning of the trial on that date, the State represented to the trial court that it would not be calling Ms. Fee as a witness, and offered to dismiss the assault charge against Appellant as to Ms. Fee. For some

reason, which escapes us, Appellant's counsel refused this offer and proceeded to call Ms. Fee as a defense witness.

{¶15} Under the circumstances, we can discern no sound trial strategy with regard to trial counsel's decision to reject the dismissal and proceed with calling as a witness the victim of the alleged assault charge pertaining to Lindsey Fee. In particular, we note that counsel's line of questioning did not attempt to elicit any testimony that would have mitigated in Appellant's favor with regard to the assault charge pertaining to Brandon Hardesty. Instead, counsel's questioning seemed to be focused on proving that Fee was in fact the aggressor as against Appellant, none of which would have been necessary had the charge simply been dismissed as offered. Thus, we find counsel's performance in this regard to be both deficient and prejudicial. Had counsel accepted the State's offer to dismiss the assault charge, the outcome would obviously have been different as counsel's rejection of the offer ultimately led to a conviction on that charge. As such, we sustain Appellant's third assignment of error to the extent that it argues trial counsel was ineffective in his refusal to accept the State's offer to dismiss the assault charge pertaining to Lindsey Fee and instead calling Fee as a defense witness.

{¶16} Appellant points to additional errors by trial counsel, which he claims constitute ineffective assistance of counsel.  Specifically, Appellant contends that trial counsel erred by failing to cross examine Elana Hardesty, by failing to object to various instances of hearsay,[1] and by failing to mention that the State failed to introduce evidence of the "knowingly" element of the assault and criminal damaging charges.  As these arguments relate to the criminal damaging charge and the assault charge against Lindsey Fee, which we have already vacated, we need not address them.

ASSIGNMENT OF ERROR I

{¶17} In his first assignment of error, Appellant contends that the State of Ohio failed to prove each and every element of the crime charged beyond a reasonable doubt and that, as such, the guilty verdict was against the manifest weight of the evidence.  "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. Sufficiency tests the adequacy of the evidence, while weight tests "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather

---

[1] We note that Appellant simply cites to pages in the transcript regarding the alleged instances of hearsay, does not cite to the specific questions he believes should have been objected to and does not explain how the outcome of the trial would have been different had trial counsel entered these objections into the record.

than the other[.]" *State v. Sudderth*, Lawrence App. No 07CA38, 2008-Ohio-5115, at ¶ 27, quoting *Thompkins* at 387.

{¶18} "Even when sufficient evidence supports a verdict, we may conclude that the verdict is against the manifest weight of the evidence, because the test under the manifest weight standard is much broader than that for sufficiency of the evidence." *State v. Smith*, Pickaway App. No. 06CA7, 2007-Ohio-502 at ¶ 41. When determining whether a criminal conviction is against the manifest weight of the evidence, we "will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus. See, also, *Smith* at ¶ 41. We "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted." *Smith* at ¶ 41, citing *State v. Garrow* (1995), 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814; *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. However, "[o]n the trial of a case, * * * the weight to be given the evidence

and the credibility of the witnesses are primarily for the trier of the facts."
*State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212 at paragraph one
of the syllabus.

{¶19} Appellant was convicted of assaulting Brandon Hardesty,[2] the
offense of which is a first degree misdemeanor in violation of R.C. 2903.13,
which provides that "[n]o person shall knowingly cause or attempt to cause
physical harm to another or to another's unborn." Here, the State presented
the testimony of Deputy Bachnicki and Brandon Hardesty to support its
position that Appellant assaulted Brandon Hardesty. Further, Appellant
conceded he assaulted Brandon Hardesty when he testified at trial.

{¶20} Deputy Bachnicki testified that he responded to the call
reporting the assault and that upon observing Mr. Hardesty's condition he
noted redness on the left side of his cheek, face and head area, which in his
opinion was consistent with someone who had been punched in the face.
Deputy Bachnicki photographed Hardesty's injuries and the photographs
were entered into evidence at trial. Brandon Hardesty testified that he was at
his aunt' house working on a truck owned by his brother on the date of the
incident when Appellant arrived and immediately began walking towards
him. Hardesty testified that he tried to go around Appellant to get into his

---

[2] In light of our disposition of Appellant's third and fourth assignments of error which vacated Appellant's convictions for assault as against Lindsey Fee and criminal damaging, the only conviction we consider under this assignment of error is the assault conviction related to Brandon Hardesty.

aunt's car but that after he got into the car Appellant opened the car door and punched him four or five times. Hardesty further testified that he was able to start the car and drive away. Finally, Appellant conceded he assaulted Hardesty by testifying at trial that he punched Hardesty three times. As such, we find that the State proved each and every element of the crime of assault beyond a reasonable doubt.

{¶21} However, in his brief, Appellant contends that he demonstrated that he was acting in self defense when he assaulted Hardesty. Specifically, Appellant testified at that he thought Hardesty was reaching for some sort of weapon when he got into his aunt's car. Self-defense is an affirmative defense, and the burden of going forward with evidence to prove self-defense rests entirely on the accused. R.C. 2901.05(A); *State v. Palmer*, 80 Ohio St.3d 543, 563, 1997-Ohio-312, 687 N.E.2d 685, 703; *State v. Martin* (1986), 21 Ohio St.3d 91, 488 N.E.2d 166, at the syllabus, aff'd Martin *v. Ohio* (1987), 480 U.S. 228, 107 S.Ct. 1098, 94 L .Ed.2d 267. To prove self-defense, the evidence must show that: (1) the accused was not at fault in creating the situation that gave rise to the affray; (2) the accused has a bona fide belief that he was in imminent danger of harm and that his only means of escape from such danger was in the use of such force; and (3) the defendant must not have violated any duty to retreat or to avoid the danger.

*State v. Williford* (1990), 49 Ohio St.3d 247, 249, 551 N.E.2d 1279; *State v. Robbins* (1979), 58 Ohio St.2d 74, 388 N.E.2d 755, at paragraph two of the syllabus.

{¶22} Here, there were competing stories related to the events on the day in question. While Appellant essentially testified that he had just stopped by to talk to Fee and to do no harm, Hardesty testified that Appellant had made prior threats to him and arrived at the property in question and immediately began walking quickly towards him. Hardesty further testified that when he got into his aunt's car to try to escape he was trying to close the door and start the car to get away, which undermines Appellant's theory that Hardesty was reaching for a weapon.

{¶23} The trial court rejected Appellant's theory, finding Appellant's story to be unbelievable. Specifically, the trial court reasoned as follows:

"Judge:    I, this is one of those situations where looking at what the testimony was, looking at the entire fact pattern it's very difficult in my opinion to see this anyway but the way that the State sees it. I don't think Mr. Picklesimer's testimony is very credible, it doesn't make a lot of sense. The whole thing seems to be off beat and just a bizarre set of behaviors. * * * Well, you know, if this were a normal triangle and we didn't have, didn't have the, some of the facts that are going here but you know, you go where you're not invited, you show up on their turf and within a minute it goes bad. * * * You're, I don't think you're believable. And I think the bottom line is you don't play well with others. You can't live with the rest of us very well."

**{¶24}** We leave the issues of weight and credibility of the evidence to the fact finder, as long as there is a rational basis in the record for their decision. *Murphy* at ¶ 31; *State v. Lewis*, Lawrence App. No. 06CA26, 2007-Ohio-2250, at ¶ 12. We defer to the fact finder on these issues because the fact finder " 'is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of proffered testimony.' " Id., quoting *Seasons Coal Co.*, 10 Ohio St.3d at 80.  It was within the province of the trial court, as the trier of fact, to assess credibility of the witnesses and as such it was free to accept or reject Appellant's testimony.  Clearly, the trial court rejected Appellant's testimony and instead chose to believe Brandon Hardesty's account.

**{¶25}** Based upon our review of the record, as well as the foregoing reasoning of the trial court, we cannot conclude that the verdict was against the manifest weight of the evidence.  Thus, Appellant's first assignment of error is overruled and his conviction for assault as against Brandon Hardesty is affirmed.

ASSIGNMENT OF ERROR II

**{¶26}** In his second assignment of error, Appellant contends that the trial court erred to his prejudice and abused its discretion when it sentenced him to the maximum jail sentence which was clearly and convincingly

contrary to law. A review of the record reveals that Appellant was sentenced to 180 days of jail on each misdemeanor assault conviction, to be served concurrently to each other but consecutive to a suspended 90 day sentence on the misdemeanor criminal damaging conviction. As set forth above, we have already vacated Appellant's convictions and sentences for one of the assault charges, as well as the criminal damaging charge. As such, we need only determine whether the trial court erred and/or abused its discretion in sentencing Appellant to the maximum 180 day jail term on the first degree misdemeanor assault conviction related to Brandon Hardesty.

{¶27} In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.

The trial court did not expressly reference these factors in either the sentencing hearing or in its sentencing entry.

{¶28} "Generally, trial courts enjoy broad discretion when imposing sentences in misdemeanor cases, and we will not vacate a sentence unless the court abused its discretion." *State v. Babu*, Athens App. No. 07CA36, 2008-Ohio-5298 at ¶ 36; *State v. Fitzpatrick*, Lawrence App. No 07CA18, 2007-Ohio-7170, at ¶ 9; *State v. Polick* (1995), 101 Ohio App.3d 428, 430-31, 655 N.E.2d 820. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *State v. Hutchinson*, Athens App. No. 03CA31, 2004-Ohio-4125, at ¶ 13, citing *In re Jane Doe I* (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, and *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶29} "Nonetheless, the trial court lacks the discretion to disregard the statutory factors provided in R.C. 2929.22(B)(1), even though it has

discretion in the ultimate sentence handed down after consideration of those factors." *Babu* at ¶ 36; see, also *State v. Strohm*, 153 Ohio App.3d 1, 2003-Ohio-1202, 790 N.E.2d 796, at ¶ 8 ("Although R.C. 2929.22 does not set forth requirements for imposing maximum or consecutive sentences, it does set forth factors that must be considered when determining whether a jail term is appropriate. The failure to consider these factors is an abuse of discretion.") (internal citations omitted); *State v. Polick* (1995), 101 Ohio App.3d 428, 431, 655 N.E.2d 820 ("Although none of the statutory criteria absolutely mandate a certain result and the court may consider other relevant matter in sentencing a defendant on a misdemeanor, the court must consider the factors set forth in R.C. 2929.22.").

{¶30} Here, the trial court sentenced Appellant to 180 days in jail. Under R.C. 2929.24(A)(1), the trial court could impose a sentence of not more than 180 days for a first-degree misdemeanor. As we have previously explained, "when a jail sentence falls within the statutory limit, as it does here, reviewing courts presume that the trial court followed the appropriate statutory guidelines." *Fitzpatrick* at ¶ 10, citing *State v. Wagner* (1992), 80 Ohio App.3d 88, 95-96, 608 N.E.2d 852, and *State v. Crable*, Belmont App. No. 04BE17, 2004-Ohio-6812, at ¶ 24; see, also, *City of Toledo v. Kothe*, Lucas App. No. L-07-1383, 2008-Ohio-2880, at ¶ 19 ("In cases where the

record is silent on this issue, a presumption is raised that the trial court properly considered the factors listed in R.C. 2929.22."); *State v. Nelson*, 172 Ohio App.3d 419, 2007-Ohio-3459, 875 N.E.2d 137, at ¶ 14, quoting *State v. McCaleb* (Sept. 8, 2006), Greene App. No. 05CA155, 2006-Ohio-4652, ¶ 41 ("When determining a misdemeanor sentence, R.C. 2929.22 does not mandate that the record reveal the trial court's consideration of the statutory sentencing factors. Rather, appellate courts will presume that the trial court considered the factors set forth in R.C. 2929.22 when the sentence is within the statutory limits, absent an affirmative showing to the contrary."); *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus ("A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12."). The record does not affirmatively show that the trial court failed to consider the factors found R.C. 2929.22(B)(1).

{¶31} Although the trial court imposed the maximum sentence, in this case 180 days, the sentence was within the statutory range.  As such, we cannot conclude that the trial court ignored the relevant sentencing factors or abused its discretion in handing down its sentence. Accordingly, Appellant's second assignment of error is overruled and the sentence imposed for the assault related to Brandon Hardesty is affirmed.

**JUDGMENT VACATED IN PART AND AFFIRMED IN PART**

Kline, J., concurring.

{¶32} Because the opinion does not specify a standard of review, I respectfully concur in judgment only as to the fourth assignment of error. Here, Picklesimer failed to raise his not-properly-before-the-court argument at the trial court level. Therefore, I would review Picklesimer's fourth assignment of error under a plain-error standard.

{¶33} I concur in judgment and opinion as to the third assignment of error with one exception. That is, I do not believe that Picklesimer's "first-three arguments" pertain only to the criminal damaging charge and the assault charge against Lindsey Fee. Therefore, I would address these arguments in relation to the assault charge against Brandon Hardesty.

{¶34} I concur in judgment and opinion with the rest of the opinion.

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE VACATED IN PART AND AFFIRMED IN PART and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Circleville Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment and Opinion as to A/E I and II, Concurs in Judgment and Opinion with Opinion as to A/E III, and Concurs in Judgment Only with Opinion as to A/E IV.

For the Court,

BY:  _____
            Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**