DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court, following a plea, in which the trial court found appellant, Michael Kothe, guilty of driving while under the influence of alcohol and or drugs, in violation of R.C. 4511.19(A)(1)(a), ordered appellant to serve 150 days in jail, pay a $350 fine, and suspended his driver's license for six months.
 {¶ 2} On January 26, 2007, appellant was stopped by a Toledo Police officer for failing to stop for a red light at the intersection of Secor Road and Bancroft Street. After stopping appellant's vehicle, the officer observed that appellant was glassy eyed, and had *Page 2 
the odor of alcohol about his person. Appellant took a breathalyzer test at the scene, which yielded a score of .110. Appellant was cited for failure to stop at a red light, in violation of R.C. 4511.12, and driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a) and (A)(1)(d), a first degree misdemeanor.
 {¶ 3} After initially entering a not guilty plea, appellant changed his plea to no contest. The trial court found him guilty, and the matter was referred for a probation and presentence report. On October 19, 2007, a sentencing hearing was held in Toledo Municipal Court. At the hearing, the trial court addressed appellant's criminal record, which included several traffic citations in Arizona and Michigan. Appellant's record also included a conviction in Michigan for larceny, for which appellant was still on parole at the time of the instant offense. In addition, appellant told the trial court that, after his arrest in Ohio, he was ordered to serve 45 days in a Michigan jail for violating parole, and his parole in the Michigan case was extended for an additional six months. After further ascertaining that appellant was a resident of Michigan, the trial court stated:
 {¶ 4} "We here in Toledo love people coming down from Michigan and driving like maniacs on our roads, driving drunk doing whatever they want because they don't pay taxes here. So they don't care. And you're on parole in Michigan, and you're dumb enough to drink and drive. They should have given you the rest of your prison sentence, but they didn't. And you are just making excuse after excuse because you just don't get it."
 {¶ 5} At the close of the hearing, the trial court ordered appellant to serve 150 days in jail, and pay a $350 fine and court costs. The trial court also suspended *Page 3 
appellant's driver's license for six months. On October 23, 2007, the trial court modified appellant's sentence to allow him to serve out his sentence in a work release program. A timely appeal was filed in this court on November 16, 2007.
 {¶ 6} On appeal, appellant sets forth his sole assignment of error as follows:
 {¶ 7} "Appellant contends that the Trial Judge at the time of sentencing failed to follow the sentencing criteria of Ohio Revised Code 2929.22 and that failure on the part of the Trial Code [sic] mandates a reversal of the sentence.
 {¶ 8} "Defendant/Appellant, Michael Kothe says YES
 {¶ 9} "Plaintiff/Appelle [sic] City of Toledo says NO"
 {¶ 10} In support of his assignment of error, appellant argues that the transcript of the sentencing hearing is short, and does not adequately reflect that the trial court considered the factors enumerated in R.C. 2929.22 before sentencing appellant for a misdemeanor crime. Specifically, appellant argues that the trial court did not make any determinations regarding the nature of his offense, the absence of aggravating factors, his lack of prior drunk driving offenses, and the fact that he only had one prior larceny offense in Michigan.
 {¶ 11} R.C. 2929.22 states, in pertinent part, that:
 {¶ 12} "(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:
 {¶ 13} "(a) The nature and circumstances of the offense or offenses;
 {¶ 14} "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the *Page 4 
offender's character and condition reveal a substantial risk that the offender will commit another offense;
 {¶ 15} "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
 {¶ 16} "(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
 {¶ 17} "(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.
 {¶ 18} In addition to the above, in fashioning a sentence, the trial court may consider any other factors relevant to the purposes and principles of sentencing, as set forth in R.C. 2929.21. R.C. 2929.22(B)(2). Before imposing a sentence, the trial court shall also consider the appropriateness of community control. R.C. 2929.22(C).
 {¶ 19} Even though the trial court is required to consider the factors set forth in R.C. 2929.22 in sentencing a defendant for a misdemeanor, "there is no obligation for the court to set forth its reasons for imposing sentence." State v. Hunter, 8th Dist. No. 87750, 2006-Ohio-6440, ¶ 1; City of Youngstown v. Cohen, 7th Dist. No. 07-MA-16, 2008-Ohio-1191, ¶ 84. In cases where the record is silent on this issue, a presumption is raised that the trial court properly considered the factors listed in R.C. 2929.22. State v. *Page 5 Bacon (1996), 109 Ohio App.3d 877, 879. In addition, in cases where a misdemeanor sentence is within the statutorily prescribed limits, "[appellate courts will presume that the trial court considered the factors set forth in R.C. 2929.22 * * *, absent an affirmative showing to the contrary." Hunter, supra.
 {¶ 20} While the record in this case does not contain the trial court's reasons for sentencing appellant, it does contain appellant's pre-sentence investigation report, which lists his prior traffic offenses in Arizona and Michigan, as well as his prior felony conviction in Michigan for larceny. Also, the transcript of the sentencing hearing includes appellant's explanation of his punishment for the Michigan felony, the fact that this was his first and only conviction for driving while intoxicated, and his resolve not to re-offend in the future. Also, it is undisputed that appellant's 150 day sentence was within the prescribed range for a first degree misdemeanor. Finally, the trial court's modification of the sentence to allow appellant to participate in a work release program in lieu of jail is evidence that the trial court considered the sanction of community control, as required by R.C. 2929.22(C). Other than pointing out the trial court's unsolicited comments regarding Michigan drivers, appellant has made no affirmative showing to rebut the presumption of the regularity of the trial court's proceedings.
 {¶ 21} This court has reviewed the entire record that was before the trial court and, on consideration thereof finds that, additional comments notwithstanding, the trial court adequately considered the factors set forth in R.C. 2929.22 before ordering appellant to serve a sentence that was well within the statutory range for a first degree misdemeanor. Appellant's sole assignment of error is not well-taken. *Page 6 
 {¶ 22} The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1