[Cite as *State v. Brown*, 2016-Ohio-538.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

City of Toledo

Court of Appeals No. L-15-1154

Appellee

Trial Court No. CRB-12-19694

v.

Anthony Brown

**DECISION AND JUDGMENT**

Appellant

Decided:  February 12, 2016

* * * * *

David Toska, City of Toledo Chief Prosecutor, and Jimmie Jones,
Assistant Prosecutor, for appellee.

Neil S. McElroy, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a June 2, 2015 judgment of the Toledo Municipal
Court, which found appellant guilty of one count of assault, in violation of Toledo
Municipal Code 537.03(a), a first degree misdemeanor.  Appellant was sentenced to a
maximum term of incarceration of six months.  For the reasons set forth below, the
matter is remanded for resentencing.

{¶ 2} Appellant, Anthony Brown, sets forth the following sole assignment of error:

The trial court abused its discretion when it failed to consider any of the principles of sentencing contained in R.C. § 2929.21 and imposed a maximum, 6-month sentence based solely on the way Mr. Brown looked at the court.

{¶ 3} The following undisputed facts are relevant to this appeal. On November 6, 2012, a Toledo woman went to the home of appellant, her former boyfriend. The parties had previously been in a relationship, but were no longer involved at the time of this incident. The woman came to appellant's home in the apparent hopes of exploring the possibility of reconciliation with appellant. Once inside the home, tensions escalated, words were exchanged, and appellant struck her and spat on her.

{¶ 4} Following this incident, she escaped and drove to a nearby location where she stopped her car and called the police. The police arrived shortly thereafter at the location of her vehicle. Once they finished interviewing the woman, the police went to appellant's home. They repeatedly knocked on the door, no one acknowledged being home, and the police left.

{¶ 5} On November 7, 2012, a misdemeanor assault charge was filed against appellant. On June 2, 2015, the matter proceeded to a bench trial. Appellant was found guilty. Appellant, whose past criminal record contained no offenses other than traffic offenses, was initially advised by the trial court that his case would be referred to the

2.

probation department for a presentence investigation report to be prepared prior to sentencing. Subsequently, the trial court inexplicably proclaimed that appellant, "[O]bviously has a problem with me," and summarily sentenced appellant to a maximum term of incarceration of six months. This appeal ensued.

{¶ 6} In the sole assignment of error, appellant maintains the trial court improperly sentenced him. In support, appellant asserts that the trial court failed to engage in the requisite analysis prior to determining the sentence. Appellant essentially argues that the trial court disregarded the governing misdemeanor sentencing factors set out in R.C. 2929.22 and sentenced him based, "solely on the way [he] looked at the court."

{¶ 7} It is well-established that an abuse of discretion, "connotes more than a mere error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-38, 566 N.E.2d 1181 (1991).

{¶ 8} In *State v. Dominijanni*, 6th Dist. Wood No. WD-02-008, 2003-Ohio-792, ¶ 6, this court stated that "[I]n imposing a sentence for a misdemeanor offense, a trial court must consider the sentencing criteria set forth in R.C. 2929.22. The failure to do so constitutes an abuse of discretion."

{¶ 9} Although the trial court must consider the sentencing factors set forth in R.C 2929.22, it is not required to state the reasoning for imposing a particular sentence. *City*

3.

*of Toledo v. Kothe*, 6th Dist. Lucas No. L-07-1383, 2008-Ohio-2880, ¶ 19. As such, "[I]n cases where a misdemeanor sentence is within the statutorily prescribed limits, '[a]ppellate courts will presume that the trial court considered the factors set forth in R.C. 2929.22 * * *, absent an affirmative showing to the contrary.'" *Id*.

{¶ 10} R.C. 2929.21 delineates the purposes to be served by misdemeanor sentencing:

> (A) The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

{¶ 11} R.C. 2929.22 sets forth the requisite factors to be taken into consideration by the trial court in the process of crafting a proper misdemeanor sentence:

> (B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors: (a) The nature and circumstances of the offense or offenses; (b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another

4.

offense; (c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences; (d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious; (e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section; (2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

{¶ 12} Although the trial court does not need to state the reasons for imposing its sentence, the record is devoid of evidence that the disputed sentence in this case stemmed from the governing statutory considerations.

The dispute is centered on the following exchanges:

The Court: "I'm going to refer this to the probation department for a presentence report because there is a lot in Mr. Brown's background that

appears to be a mystery. We will try to get to the bottom of it. Do you have a problem with me, sir?"

The Defendant: "No, sir, not at all."

The Court: "[T]he defendant is sentenced to six months in CCNO. He shall be remanded to custody immediately."

{¶ 13} Subsequently the court went on to further emphasize:

The Court: Mr. DiLabbio, I would like to finish putting on the record, I was going to release your client on bond, but he obviously has a problem with me. And he obviously - - and this is hard to describe, on the record, what he was doing with me. And if he does that with me, what is he doing with the lady when she is alone? I'm not going to tolerate that. He is remanded to custody. He will begin six months at CCNO.

{¶ 14} The appellant has no prior criminal history and has had no contact with the victim since the incident. The record reflects that the trial court stated that it was going to release the appellant on bond and order a presentence report. The record also reflects that based upon some sort of inexplicable impression by the trial court that appellant exhibited or possessed some personal issue with the trial court, which was in no way reflected in or supported by the record, regardless of relevancy considerations, the trial court proceeded to summarily impose a maximum sentence.

6.

**{¶ 15}** Based upon our review of the record, we find that the trial court's sentence was arbitrary and improper. Wherefore, we find appellant's assignment of error to be well-taken.

**{¶ 16}** The judgment of the Toledo Municipal Court is affirmed, in part, and reversed, in part, and the case is remanded for resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24.

Judgment affirmed, in part,<br>
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

                                                           JUDGE

Arlene Singer, J. _____

                                                           JUDGE

Thomas J. Osowik, J. _____
CONCUR.

                                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.